UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Thurmond McMichael,
    Plaintiff,

    v.                                                                                     Civil Action No. 1:09-CV-130

Andrew Pallito, Robert
Kupec, Jay Simon, Phil
Fernandez, David Buley,
Stan Morse, Steven
McCarthy, Barbara
Lester,
    Defendants.

## REPORT AND RECOMMENDATION
(Docs. 30 and 42)

*Pro se* plaintiff Thurmond McMichael, formerly a Vermont inmate, claims that he was treated unlawfully by employees of the Vermont Department of Corrections ("DOC"). Specifically, McMichael alleges: (1) that he was improperly placed in closed custody; (2) that he was housed in a cell with no water or heat for an extended period of time; (3) that he was not provided a Muslim diet; and (4) that he was the victim of a hate crime. McMichael claims that he grieved each of these issues to prison officials, but that they were "deliberately indifferent" to his requests for relief.

Currently before the Court are two motions. First, McMichael seeks a preliminary injunction ordering the DOC to provide him a Muslim diet. (Doc. 30.) Second, McMichael moves the Court to compel responses to his discovery requests. (Doc. 42.) The Court will address each motion in turn.

**I.**     **Preliminary Injunction**

McMichael's motion for a preliminary injunction alleges that, while incarcerated in the Northern State Correctional Facility in Newport, Vermont, he was denied a Muslim diet. (Doc. 30 at 1.) According to the Complaint, McMichael suffered a similar deprivation while housed at the Marble Valley Regional Correctional Facility. (Doc. 4 at 4-5.) McMichael claims that DOC policy allows for alternative diets, and asks the Court to order the DOC to provide a meal that is consistent with his religious beliefs.

The defendants respond that McMichael's motion is moot because he is no longer in DOC custody. Counsel for the defendants attests that when McMichael filed his motion, he was serving a sentence for aggravated domestic assault and that his maximum release date was February 26, 2010. "On the expiration of his Vermont sentence, Mr. McMichael was released from custody at the Northern State Correctional Facility. He was picked up by authorities from New York State and returned there to face violation of parole charges. He is now in the custody and control of the New York State Department of Corrections and housed at Riker's Island." (Doc. 40 at 1-2). Counsel's representations are supported by a change of address recently filed by McMichael, directing the Court to send all future mailings to New York. (Doc. 41.)

"It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996); *see Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006); *Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976) ("In view of the fact that appellant is no longer incarcerated at Auburn, his request for an injunction restraining the officials at Auburn

from violating his civil rights is moot."). An exception to the mootness doctrine, where a claim is "capable of repetition, yet evading review," *see Murphy v. Hunt*, 455 U.S. 478, 482 (1982), does not apply here, as there is no reason to believe that McMichael will be returned to a Vermont prison. I therefore recommend that his motion for a preliminary injunction (Doc. 30) be DENIED.

## II.     Motion To Compel

McMichael also moves the Court to compel the defendants to respond to his discovery requests. According to discovery certificates filed with the Court, McMichael mailed his requests to counsel for the defendants on February 9, 2010. (Docs. 34 and 25.) He mailed his motion to compel on March 16, 2010, claiming that he had not yet received responses and was therefore entitled to relief under Fed. R. Civ. P. 37. (Doc. 42.)

This Court's Local Rules require that prior to filing a Rule 37 motion, a party must confer with opposing counsel "in a good faith effort to reduce or eliminate the controversy or arrive at a mutually satisfactory resolution." L.R. 26(d)(1). If discovery issues remain unresolved after this conference, a party may then move to compel, but in doing so must submit an affidavit that complies with Local Rule 26(d)(2), as well as a memorandum of law under Local Rule 26(d)(3). The memorandum must contain "a concise statement of the nature of the case" and "a specific, verbatim listing of each discovery item sought or opposed, including the reason the item should be allowed or disallowed, except where the motion is based upon the failures under Fed. R. Civ. P. 37(d)." L.R. 26(d)(3)(B).

McMichael's motion does not satisfy the requirements of Local Rule 26(d). Accordingly, the Court cannot grant him any relief at this time, and his motion (Doc. 42) is DENIED without prejudice.

## Conclusion

For the reasons set forth above, I recommend that McMichael's motion for a preliminary injunction (Doc. 30) be DENIED as moot. McMichael's motion to compel discovery (Doc. 42) is DENIED without prejudice.

Dated at Burlington, in the District of Vermont, this 31st day of March, 2010.

*/s/John M. Conroy*

John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).